IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Case No. 1:21-cr-39 - Erie |
| ) | |
| HERTEL & BROWN PHYSICAL AND ) | |
| AQUATIC THERAPY, ET AL., ) | |

### DEFENDANTS' MOTION TO CONTINUE SCHEDULED TRIAL DATE

In addition to other pretrial matters, some of which the parties are already scheduled to discuss with the Court at an upcoming status conference, briefing on the parties' motions in limine is currently scheduled to close on February 4, 2024 (with moving briefs to be filed on January 28, 2024) and trial is set to begin on February 18, 2024. (ECF No. 892.) Based in part on the government's recent disclosure of some but not all of its trial exhibits, undersigned defendants are concerned (for reasons explained below) that the current trial date will not permit adequate time for the Court to consider and the parties to resolve the numerous and substantive motions in limine that the parties will likely file, along with myriad other pretrial issues. For that reason, the undersigned Defendants respectfully request that the Court briefly continue the trial date by approximately three weeks, until or around the week of March 11, 2025.

As the Court well knows, this case was already going to involve complex evidentiary issues in the leadup to trial—among them (1) the proper application of *Bruton v. United States*, 391 U.S. 123 (1968), to the government's proposed use of co-conspirator statements and (2) how to instruct the jury to consider certain employee statements that the government hopes to attribute to various defendants. The government's recent and still only partial disclosure of approximately 100 exhibits (including 50 "summary" exhibits) it plans to introduce at trial, however, has raised additional concerns that will require substantial briefing and, upon ultimate resolution by the Court, some

1

additional time for defendants to conform their plans for trial. Indeed, the Court's ultimate resolution of certain issues likely to be raised as motions in limine may well impact core aspects of how at least certain Defendants defend themselves.

As one example, the government has disclosed that it intends to introduce into evidence a variety of emails and text messages related to certain defendants' alleged treatment of family members and purported Stark Law violations. Neither of these categories of alleged misconduct was charged as a crime in the superseding indictment, nor has the government filed a 404(b) notice explaining why it should be able to introduce such evidence at trial. (*See, e.g.* ECF No. 425.) Indeed, and as defendants will argue in a separate motion in limine, introducing such evidence to the jury would be wholly improper and, among other problems, (a) involve substantial risks of both confusion and unfair prejudice under Fed. R. Evid. 403, and (b) tempt the jury to engage in prohibited propensity reasoning in violation of Fed. R. Evid. 404(b). More fundamentally, it is difficult to see how, under Fed. R. Evid. 401, evidence of these activities is even relevant to the government's allegations of improper billing.

The point here, however, is that the government's new, and still only partial disclosures raise important and complicated legal issues that must be resolved before trial. And this is but one of them. Along the same lines, there is a real chance that the government's February 4 *Jencks* disclosures will raise additional issues that may require briefing or, at a minimum, substantial time to work through. Moreover, just this week the government has filed two motions seeking to exclude defense expert testimony under Rule 702. (ECF Nos. 1062, 1065.) That is without considering any additional motions in limine the Defendants may file and any motions in limine that the government may offer.

Given all this, as well as the myriad other issues that must be resolved before trial opens

(many of them to be discussed at next week's status conference), the defense does not believe that the two weeks between February 4 and February 18 will allow the Court and the parties sufficient time to work through the important issues to be raised in the parties' anticipated motions in limine. The undersigned Defendants therefore ask the Court to grant this motion and continue the trial in this case by approximately three weeks, until or around the week of March 10, 2025.

    Defendants affirm that this request is not made for the purposes of delay. Even with the proposed extension, trial would still conclude by early May. Counsel for the Defendants has spoken to the government's counsel, who advises that the government opposes this motion.

Dated: January 8. 2025

*/s/ Colin J. Callahan*
Colin J. Callahan (PA: 328033)
Flannery Georgalis, LLC
436 Seventh Avenue
Koppers Building, Ste. 2100
Pittsburgh, PA 15219
(412) 213-4246
ccallahan@flannerygeorgalis.com

*/s/ W. Benjamin Reese*
W. Benjamin Reese (OH 0096108)
(*Pro Hac Vice*)
Flannery Georgalis, LLC
175 South Third Street, Suite 1060
Columbus, OH 43215
(614) 324-4731
breese@flannerygeorgalis.com

*Attorneys for Defendant Aaron Hertel*

*/s/ Michael A. Comber*
Michael A. Comber (PA: 81951)
S. Wesley Gorman (PA: 325565)
Comber Miller LLC
300 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
412-894-1380
412-291-2109 (fax)
mcomber@combermiller.com
wgorman@combermiller.com

*Attorneys for Defendant Michael Brown*

*/s/ Elliot J. Segel*
Elliot J. Segel (PA: 32018)
Segel Law, LLC
818 Sate Street
Erie, PA 16501
814-464-2300
es@legalsegel.com

*Attorney for Marissa Sue Hull*

Respectfully submitted,

*/s/ Thomas C. Ryan*
Thomas C. Ryan, Esq. (PA: 92482)
Mark A. Rush, Esq. (PA: 49661)
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222
Tel: (412) 355-6500
Fax: (412) 355-6501
thomas.ryan@klgates.com
mark.rush@klgates.com

*Attorneys for Defendant Hertel & Brown Physical and Aquatic Therapy, P.C.*

*/s/ David Berardinelli*
David J. Berardinelli (PA: 79204)
DeForest Koscelnik & Berardinelli
436 Seventh Ave., 30th Floor
Pittsburgh, PA 15219
412-227-3100
412-227-3130 (fax)
berardinelli@deforestlawfirm.com

*Attorney for Defendant Patricia Susan Berchtold*

*/s/ Efrem M. Grail*
Efrem M. Grail (PA: 81570)
Julie M. Gitelman (PA: 327449)
The Grail Law Firm
428 Boulevard of the Allies, Suite 500
Pittsburgh, PA 15219
412-332-9101
856-210-7354 (fax)
egrail@graillaw.com
jgitelman@graillaw.com

*Attorneys for Defendant Julie Johnson*

4

<table>
<tr><td>

*/s/ Richard H. Blake*
Richard H. Blake (OH 0083374)
(*Pro Hac Vice*)
Alex S. Bruce (OH 100196)
(*Pro Hac Vice*)
McDonald Hopkins LLC
600 Superior Ave., Suite 2100
Cleveland, OH 44114
216-348-5400
216-348-5474 (fax)
rblake@mcdonaldhopkins.com
abruce@mcdonaldhopkins.com

*Attorneys for Defendant Jessica Jeanne Morphy*

</td><td>

*/s/ Michael A. Agresti*
Michael A. Agresti (PA: 81123)
Marsh Schaaf, LLP
300 State Street, Suite 300
Erie, PA 16507
814-455-2701
814-456-1112 (fax)
magresti@marshlaw.com

*Attorney for Defendant Bobby Lee Rainey*

</td></tr>
</table>