IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-39 |
| ) | |
| HERTEL & BROWN PHYSICAL ) | |
| AND AQUATIC THERAPY, et al., ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM ORDER RE: MOTION AT ECF 1254**

The Government has moved to exclude the Proposed Testimony of Michelle Albert, the expert witness for Defendant Julie Johnson. ECF No. 1254. The Government contends that Johnson's expert notice does not conform to the requirements of Fed. R. Crim. P. 16, that Ms. Albert is not qualified to render expert opinions on the topics identified in the defense notice, and that some aspects of Ms. Albert's proposed testimony purport to substitute for Defendant Johnson testifying. Johnson has responded, ECF No. 1331, and the motion is ripe for resolution.

**Memorandum**

I.

The United States contends that, in several respects, Johnson's disclosure fails to comply with the requirements of Rule 16. First, the Government notes that the expert notice is not signed by Ms. Albert, nor does Johnson indicate why she could not obtain Ms. Albert's signature through reasonable efforts. *See* Rule 16(b)(1)(C)(v). Second, the Government states that the notice fails to provide a complete statement of all opinions and the bases and reasons for those opinions. *See* Fed. R. Crim. P. 16(b)(1)(C)(iii). Third, the Government maintains that the scope of Ms. Albert's opinions exceeds that of a rebuttal expert, despite Johnson's representations that

1

her expert would serve only as a rebuttal witness to the Government's expert. To the extent Ms. Albert's opinions do fall within the scope of proper rebuttal testimony, the Government claims that the disclosures are insufficient.

Johnson responds that the Rule 16 disclosure requirements do not pertain to expert testimony that involves only factual background information or "pure rebuttal" testimony. She states that she nevertheless made her disclosures relative to Ms. Albert in order to save time and avoid surprise at trial. She insists that her disclosures substantially comply with any requirements that may be applicable under Rule 16(b)(1)(C).

Rule 16(b)(1)(C)(i) imposes an obligation upon the defendant to "disclose to the government, in writing, the information required by [subsection (iii)] for any testimony that the defendant intends to use under Federal Rule of Evidence 702, 703, or 705 during the defendant's case-in-chief at trial[.]" Presumably, if Johnson calls Ms. Albert as an expert witness, it will be during her case-in-chief, and her disclosure letter acknowledges as much. *See* ECF No. 1263 at 1 ("We provide here a statement of all opinions that Ms. Johnson may elicit from Ms. Albert in her case-in-chief . . . ."). Therefore, irrespective of how Johnson characterizes Ms. Albert's testimony, the disclosure requirements of Rule 16 would seem to apply.[1]

Given this fact, certain aspects of Johnson's disclosure letter are problematic. For one, Johnson represented to this Court that her expert disclosure would be "narrow in scope" and

---

[1] Johnson cites numerous cases for the proposition that the presentation of rebuttal testimony without prior notice does not violate Rule 16. *See* ECF No. 1331 at 3. However, all of the cases she cites involved witnesses who were called by the government during the rebuttal phase of its case. *See id.* (citing *United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004) (citing to *United States v. Windham*, 489 F.2d 1389, 1392 (5th Cir.1974) ("Rebuttal witnesses are a recognized exception to all witness disclosure requirements."); *United States v. DiCarlantonio*, 870 F.2d 1058, 1063 (6th Cir.1989) (Rule 16 does not require disclosure of expert rebuttal testimony not offered during government's case-in-chief; *United States v. Barrett*, 766 F.2d 609, 617 (1st Cir.1985) (same); United States v. Angelini, 607 F.2d 1305, 1308–09 (9th Cir.1979) (same)).

2

would "constitute only rebuttal testimony of the opinions issued by the Government's expert as to Ms. Johnson specifically." ECF No. 1195, ¶24. Yet some aspects of Ms. Albert's anticipated testimony would appear to exceed that scope. For example, Ms. Albert may be called to testify about matters such as "the practice of patient treatment in the small to medium sized outpatient clinic setting," ECF No. 1263 at 2, and the clinical judgment of therapists relative to billing codes and treatments, and the responsibilities of PT clinics to provide coding and billing instruction. *See id.* at 2-3. Johnson's disclosure letter does not tie this testimony to Ms. Wubben or explain how it rebuts her opinions.

Certain portions of Ms. Albert's anticipated testimony do purport to specifically rebut Ms. Wubben's expert opinions. *See* ECF No. 1263 at 3-8. However, Johnson's disclosure letter is deficient in this regard, as it provides no information concerning the "bases and reasons" for Ms. Albert's opinion that Ms. Wubben is wrong.

II.

The Government also argues that Ms. Albert's testimony fails to comply with the mandates of Federal Rule of Evidence 702. The Government asserts that Ms. Albert is not qualified to render expert opinions on certain topics identified in Johnson's disclosure. Further, the Government asserts that Ms. Albert's proposed testimony regarding Johnson's practice of physical therapy is not proper expert testimony.

The Court declines to preclude Ms. Albert's testimony on this basis at the present time. Rule 702 recognizes that a witness may be qualified as an expert on the basis of, among other things, knowledge and experience. Ms. Albert's curriculum vitae indicates she is a Doctor of Physical Therapy with over 25 years of experience in a clinical outpatient setting. She has multiple certifications and has apparently been recognized on at least two occasions as an expert

3

in the area of physical therapy as it relates to standards of care, treatment, and outpatient clinic procedures. Should Ms. Albert be called to testify, her qualifications can be tested on cross-examination and the Court will have a more complete record upon which to make its determination as to whether Ms. Albert should be recognized as an expert witness in this case.

### Order

Based upon the foregoing, IT IS ORDERED this 27th day of February, 2025, that the Motion by the United States to Exclude Proposed Expert Testimony of Michelle Albert, ECF No. [1254], is GRANTED in part and DENIED in part.

The motion is GRANTED insofar as Defendant Johnson is directed to file a supplemental expert disclosure for Ms. Albert, on or before March 13, 2025, which complies with the disclosure requirements of Federal Rule of Criminal Procedure 16(b)(1)(C)(iii). The disclosure should include a complete statement of all opinions that Defendant Johnson may elicit from Ms. Albert and indicate the bases and reasons for those opinions. The scope of Ms. Albert's opinions shall be limited to those that pertain to the conclusions or opinions of Theresa Wubben, as set forth in the Government's supplemental expert disclosure.

The motion is otherwise DENIED without prejudice.

*Susan Paradise Baxter*
Susan Paradise Baxter
United States District Judge