IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:21-cr-39 |
| ) | |
| HERTEL & BROWN PHYSICAL ) | |
| AND AQUATIC THERAPY, et al., ) | |
| ) | |
| Defendants ) | |

### MEMORANDUM ORDER RE: MOTION AT ECF 1062

The Government has moved to exclude the Proposed Testimony of James Trainum, an expert witness in the area of best law enforcement practice whom Defendant Julie Johnson[1] intends to call at trial. ECF No. 1062. The Government seeks to preclude Mr. Trainum's testimony based on the following assertions: first, that the proffered testimony as to best practices in law enforcement investigations as it relates to this case is prohibited by Rules 702 and 403 of the Federal Rules of Evidence; next, that the techniques used by law enforcement to investigate crimes are not relevant to a defendant's guilt or innocence; next, that Mr. Trainum will offer impermissible expert testimony concerning the witness credibility; and finally, that there is no foundation in the record to support certain aspects of the proffered testimony. ECF No. 1062.

Johnson responds that Mr. Trainum's testimony is admissible under Federal Rule of Evidence 702, as it is relevant to a central issue in the case (namely the reliability of miss Johnson's statements that's recorded in a police report of interview), the testimony is reliable, and

---

[1] Originally, Mr. Trainum was retained to testify on behalf of both Defendants Julie Johnson and Renee Exley. As Ms. Exley is no longer proceeding to trial, the Court's discussion henceforth pertains only to Ms. Johnson.

the expert is qualified to testify on the subject matter set forth in the defense disclosure. Further, Johnson maintains that the testimony will not improperly invade the jury's province of assessing credibility because Mr. Trainum will be limited to analyzing the reliability of the officers' investigative process. Additional Johnson asserts that the probative value of Mr. Trainum's testimony outweighs any potential prejudice and his is supported by an adequate factual foundation.

## MEMORANDUM

Federal Rule of Evidence 702 allows a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to "testify in the form of an opinion or otherwise" if the proponent demonstrates to the court that it is more likely than not that:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

    (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In this case, the defense indicates that it may call MR. TRAINUM to testify as an expert on best practices in law enforcement investigation methods, including the recording and/or proper documentation of witness interviews, and his assessment that FBI agents did not adhere to those best practices when questioning Ms. Johnson in February of 2021. More specifically, Mr. Trainum intends to offer the following opinions: (1) that investigative failure, including, for example, wrongful convictions, can result from a variety of investigatory flaws; (2) that law enforcement should adhere to certain recommended practices when questioning an individual (including the use of video recording, taking complete and thorough notes, avoiding accusatory

questioning, threats or promises, and maintaining objectivity); (3) that FBI agents did not video-record or audio-record their questioning of Ms. Johnson; (4) that the written documentation of Ms. Johnson's interview is inadequate and contrary to best police practices; and (5) that the techniques FBI agents utilized in questioning Ms. Johnson were contrary to best police practices and reflect a confirmation bias.

After review of the parties' filing, the defense expert disclosures, and Mr. Trainum's *curriculum vitae,* the Court finds that Mr. Trainum possesses specialized knowledge regarding best practices in law enforcement investigation methods as they pertain to witness interviews. He is therefore qualified to testify about such matters.

The Court further finds that it is appropriate to allow Mr. Trainum to testify regarding his opinion of best police practices as set forth in Sections I and II of the "Opinions" portion of Johnson's disclosures. *See* ECF No. 1100 at 2-4. The Court finds that such testimony will provide useful background information concerning the types of investigatory flaws that can blemish the reliability of a witness interview. The information to be proffered by Mr. Trainum is beyond the common understanding of a lay individual and will assist the jury in assessing the reliability of the evidence as it pertains to various statements attributed to Ms. Johnson.

On the other hand, the Court will not permit Mr. Trainum to testify to the opinions set forth in Sections III, IV and V of the disclosure. The Court finds that testimony on those matters will not materially assist the jury and can be appropriately developed through cross-examination of the FBI agents as well as argument. A jury will not require Mr. Trainum's testimony in order to observe, for example, that the agents did not audio-record or video-record their questioning of Ms. Johnson. Nor does the jury need Mr. Trainum to explain that the 302 report of Ms. Johnson's interview is a summary which does not portray the agents' side of the conversation.

Moreover, some aspects of Mr. Trainum's proposed testimony hew too closely to areas that are the exclusive province of the jury. For example, Mr. Trainum would reportedly opine that it is "clear" the FBI agent's 302 report is not an accurate reflection of Johnson's interview. Although counsel can argue that conclusion, it is ultimately a determination that should be made by the finder of fact.

The Government argues that Mr. Trainum's testimony is inadmissible under Federal Rule of Evidence 403, because the limited probative value of his opinions is "substantially outweighed "by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay" and "wasting time." Fed. R. Evid. 403. The Government notes that Mr. Trainum has primarily testified in civil rights cases where, unlike in this case, the focus is on allegations of police misconduct. The prosecution posits that Mr. Trainum testimony will result in a time-consuming mini-trial revolving around police methods and allow the defense to introduce otherwise inadmissible evidence concerning the Government's investigatory techniques.

The Court is not persuaded that Mr. Trainum's limited testimony, as contemplated herein, will run afoul of Rule 403. The testimony will be relevant to the jury's assessment of Ms. Johnson's alleged statements. The probative value of this evidence will not be substantially outweighed by a risk of unfair prejudice, confusing the issues, misleading the jury, undue delay or wasting time. The Government accurately notes that the techniques used by law enforcement to investigate and prosecute crimes are not relevant to the defendant's ultimate guilt or innocence. The Court agrees that alleged police misconduct is not and must not become the focus of this case but, to that end, it can impose appropriate limits on Mr. Trainum's testimony and issue limiting instructions to the jury to ensure that the expert testimony does not devolve into a mini-trial over irrelevant collateral issues.

**<u>ORDER</u>**

In sum, based upon a review of the parties' filings and the Defendant's Rule 16 expert disclosures, IT IS ORDERED this 27th day of February, 2025, that the Motion by the United States to Exclude Proposed Expert Testimony of James Trainum, ECF No. [1062], is GRANTED in part and DENIED in part, as set forth herein.

                                                                                                  *Susan Paradise Baxter*
                                                                                                  Susan Paradise Baxter
                                                                                                  United States District Judge